Filed 9/22/14  P. v. Dillard CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C075587 |
| v. | (Super. Ct. No. NCR87888) |
| EDWARD RAYMOND LEE DILLARD, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Edward Raymond Lee Dillard asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

I

Because the matter was resolved by plea, the facts are taken from the probation officer's report and the parties' stipulation at the change of plea hearing. On March 2, 2013, Red Bluff police officers conducted a traffic stop of defendant's vehicle. A search of the vehicle yielded seven hypodermic syringes. One of the syringes contained liquid that tested positive for methamphetamine. At the time of the traffic stop, defendant did not have a valid driver's license.

Defendant pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and driving without a valid license (Veh. Code, § 12500, subd. (a)). He admitted a prior serious felony conviction. (Pen. Code, § 667, subds. (b)-(i).)[1] In exchange, three related counts and a strike allegation were dismissed.

The trial court sentenced defendant to state prison for a stipulated term of six years and to county jail for a concurrent term of 90 days. In addition, the trial court awarded defendant 112 days of custody credit and 112 days of conduct credit (§ 4019) and ordered defendant to pay a $400 restitution fine (§ 1202.4), a $400 parole revocation fine (§ 1202.45), a $180 laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) including penalty assessments, a $360 drug program fee (Health & Saf. Code, § 11372.7) including penalty assessments, a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of

---

[1] Undesignated statutory references are to the Penal Code.

2

the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


        MAURO        , J.


We concur:


        RAYE        , P. J.


        BLEASE        , J.